IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DANIEL W. ATKINS**                                                                                                  **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO.1:18CV227 LG-LRA**

**NANCY BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**            **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court *sua sponte* upon a review of the docket in this case. Plaintiff appeals the Social Security Administration's denial of benefits *pro se* and was granted permission to proceed *in forma pauperis* in July 2018, but he has failed to prosecute his appeal. The undersigned hereby recommends as follows.

The Order Directing Filing of Briefs was issued on July 18, 2018. Pursuant to that order, Plaintiff's memorandum brief was due on June 6, 2019, 30 days after the Administrative Record was filed on May 6, 2019. It is now overdue. Plaintiff was instructed to show good cause, in writing, as to why he has failed to comply with the Court's briefing order. The show-cause response was due within 30 days, or no later than August 9, 2019. In the alternative, Plaintiff was advised that he could comply with the Court's briefing order by submitting a memorandum brief setting forth all the errors he contends the ALJ made, and the reasons why he is entitled to relief, within 30 days, or no later than August 9, 2019. Plaintiff did not timely respond. On August 19, 2019, Plaintiff filed a response to the Show Cause Order advising that he did not understand what he needed to put in writing and renewing his request for appointment of counsel.

Previous requests for appointment of counsel were denied on July 9, 2019, and August 13, 2019. Plaintiff has made no additional attempts to comply with the Court's orders and has not communicated with the Court since that date.

This Court has the authority to dismiss an action for failure to prosecute or to comply with any order of the court both under Fed. R. Civ. P. 41 (b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, 370 U.S. at 630. Plaintiff's actions also prejudice the right of the Commissioner to promptly and fully defend the final decisions of the Social Security Administration.

Whether *pro se* or incarcerated, a plaintiff has an obligation to comply with the directives of this Court. However, it may be that Plaintiff has lost interest in pursuing this appeal or requires additional time to obtain assistance with prosecuting same. For these reasons, it is the recommendation of the undersigned that Plaintiff notify the Court of his intent to prosecute his appeal within 7 days, or no later than February 14, 2020. Should Plaintiff fail to notify the Court, it is the recommendation of the undersigned that this cause of action be dismissed, without prejudice or further notice, for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on February 7, 2020.

    s/ Linda R. Anderson    
UNITED STATES MAGISTRATE JUDGE
